**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000339
14-JUN-2012
08:33 AM**

NO. CAAP-11-0000339

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
TOKIM WICKMAN, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NOS. 1P110-10501 & 1P110-10502)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Tokim Wickman ("Wickman") appeals from the March 15, 2011 Notices of Entry of Judgment and/or Order entered by the District Court of the First Circuit, Honolulu Division ("District Court").[1] The District Court found Wickman guilty of one count of prostitution in violation of Hawaii Revised Statutes ("HRS") § 712-1200 (1993)[2] and one count of engaging or attempting to engage in the occupation or practice of massage for compensation without a license ("massage license required") in violation of HRS § 452-2 (1993).[3]

---

[1]    The Honorable Russel S. Nagata presided.

[2]    "A person commits the offense of prostitution if the person engages in, or agrees or offers to engage in, sexual conduct with another person for a fee." HAW. REV. STAT. § 712-1200(1).

[3]        **License required.** (a) It is unlawful for any
    person in the State to engage in or attempt to engage in the
    occupation or practice of massage for compensation without a
    current massage therapist license issued pursuant to this
    chapter.

        (b) A massage therapist apprentice who has a permit,
    or a massage therapist student under the direct supervision
    of a teacher in a massage school setting, is also permitted
                                                (continued...)

Wickman argues that (1) there is no substantial evidence supporting Wickman's conviction for massage license required because (a) the State failed to present evidence that Wickman was not a "massage therapist apprentice who has a permit" or was not a person "holding any valid license, permit, or certificate dealing with the healing arts" pursuant to HRS §§ 452-2(b) and 452-21 (1993)[4/] and (b) the massage Wickman gave the undercover officer ("Undercover Officer") was not the type of massage that HRS § 452-2 seeks to regulate. Wickman also argues that (2) there was no substantial evidence to support her convictions for prostitution or massage license required because Undercover Officer's testimony was not credible.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the judgment and resolve Wickman's points of error as follows:

(1)(a)

> The general and well-settled common law rule is that where an exception is embodied in the language of the enacting clause of a criminal statute, [5/] and therefore appears to be an integral part of the verbal description of the offense, the burden is on the prosecution to negative that exception, prima facie, as part of its main case.
>
> . . . When the exception appears somewhere other than in the enacting clause, and is thus a distinct substantive exception or proviso, the burden is on the defendant to

---

[3/] (...continued)
    to engage in or attempt to engage in the occupation or
    practice of massage.

HAW. REV. STAT. § 452-2.

[4/]          Nothing in this chapter shall prohibit service in
    case of emergency, or domestic administration, without
    compensation, nor services by persons holding any valid
    license, permit, or certificate dealing with the healing
    arts, nor services by barbers, hairdressers, cosmeticians,
    and cosmetologists lawfully carrying on their particular
    profession or business under any existing law of this State.

HAW. REV. STAT. § 452-21.

[5/]     The "enacting clause" is "the prohibitory declaration of the
statute which contains the general or preliminary description of the acts
prohibited; i.e., the clause which proscribes the offensive deed." State v.
Lee, 90 Hawaiʻi 130, 137 n.7, 976 P.2d 444, 451 n.7 (1999) (quoting State v.
Nobriga, 10 Haw. App. 353, 357 n.1, 873 P.2d 110, 112 n.1 (1994)).

> bring forward evidence of exceptive facts that constitute a
> defense. The prosecutor is not required in such instances
> to negative, by proof in advance, exceptions not found in
> the enacting clause.

*Lee*, 90 Hawai'i at 137–38, 976 P.2d at 451–52 (original footnote, citations, and brackets omitted) (quoting *Nobriga*, 10 Haw. App. at 358, 873 P.2d at 112–13, *overruled on other grounds by State v. Maelega*, 80 Hawai'i 172, 178–79, 907 P.2d 758, 764–65 (1995)). Put another way, "the State has the initial burden of negativing statutory exceptions to an offense only if the exceptions are incorporated into the definition of the offense." *Nobriga*, 10 Haw. App. at 359, 873 P.2d at 113. "If a statutory exception to an offense constitutes a separate and distinct defense, however, the State's burden to disprove the defense beyond a reasonable doubt arises only after evidence of the defense is first raised by the defendant." *Id.*

Here, the exceptions found in HRS §§ 452-2(b) and 452-21 are not contained in the enacting clause of the offense of massage license required, which is found in HRS § 452-2(a). *Cf. Lee*, 90 Hawai'i at 138 n.8, 976 P.2d at 452 n.8 (self-insurance exception found in subsection (a)(2) of statute not part of the enacting clause of (a)(1)); *State v. Romano*, 114 Hawai'i 1, 6, 155 P.3d 1102, 1107 (2007) (exception to offense of prostitution for law enforcement officers found in HRS § 712-1200(5) was not located in the enacting clause in HRS § 712-1200(1)). They do, however, constitute separate defenses. *See Romano*, 114 Hawai'i at 6, 155 P.3d at 1107; *Nobriga*, 10 Haw. App. at 358–59, 873 P.2d at 113 (a statutory exception is a defense if it negatives penal liability). Thus, some evidence of exceptive facts constituting the defenses needed to be presented before the State had the burden of disproving them. Wickman points us to no evidence presented at trial that would have indicated that she was either a "massage therapist apprentice who has a permit" or a person "holding any valid license, permit, or certificate dealing with the healing arts" under HRS § 452-2(b) or § 452-21. Therefore, Wickman has not shown error.

(1)(b) Undercover Officer testified that, after giving Wickman $150 with the common understanding that he was giving her

the money in exchange for a massage and sex, Wickman proceeded to massage his shoulders, neck, and lower back. Given the broad definition of "massage" found in HRS § 452-1 (1993),[6] this testimony constitutes substantial evidence in support of Wickman's conviction for massage license required. It is inconsequential that Wickman massaged Undercover Officer in a bar and not a massage parlor, that Wickman did not hold herself out to be a massage therapist, or that Wickman characterizes the massage as informal physical contact. Furthermore, to the extent that the form of massage is relevant, Wickman's argument that her massage did not constitute a form of "treatment" is plainly contradicted by her own testimony that she massaged Undercover Officer's shoulders because he said he was sore from golfing. Therefore, we reject Wickman's argument that the massage she gave to Undercover Officer was not the type of unlicensed massage regulated by HRS § 452-2(a).

(2) Wickman's argument that no substantial evidence supported her convictions for prostitution and massage license required because Undercover Officer's testimony was not credible is without merit. Undercover Officer's testimony supported the convictions. The District Court, noting that "two different stories" had been presented at trial, found that Undercover Officer's testimony was the credible version of the story. The District Court was entitled to make this credibility determination. *See Romano*, 114 Hawai'i at 8, 155 P.3d at 1109 ("Matters of credibility and the weight of the evidence and the inferences to be drawn are for the fact finder.").

---

[6]     HRS § 452-1 defines "massage" to mean

any method of treatment of the superficial soft parts of the body, consisting of rubbing, stroking, tapotement, pressing, shaking, or kneading with the hands, feet, elbow, or arms, and whether or not aided by any mechanical or electrical apparatus, appliances, or supplementary aids such as rubbing alcohol, liniments, antiseptics, oils, powder, creams, lotions, ointments, or other similar preparations commonly used in this practice. Any mechanical or electrical apparatus used as described in this chapter shall be approved by the United States Food and Drug Administration.

HAW. REV. STAT. § 452-1.

Therefore, IT IS HEREBY ORDERED that the District Court's March 15, 2011 Notices of Entry of Judgment and/or Order are affirmed.

DATED: Honolulu, Hawai‘i, June 14, 2012.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

*Craig H. Nakamura*
Chief Judge

*Lawrence M. Reifurth*
Associate Judge

*Lisa M. Ginoza*
Associate Judge